IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAURA H.G. O'SULLIVAN, *et al.*,    ) | |
| )   | |
| Plaintiffs,    ) | |
| )   | |
| v.    ) | CIVIL NO. 8:19-cv-00818-GJH |
| )   | |
| GEORGIA DIAMOND., et al.    ) | |
| )   | |
| Defendant(s).    ) | |
| )   | |

## MOTION TO REMAND

Plaintiffs Laura H.G. O'Sullivan, *et al.* ("Plaintiffs"), by and through undersigned counsel, respectfully submit this Motion to Remand pursuant 28 U.S.C. § 1447(c) and pray this Court remand the above-captioned matter to the Circuit Court for Baltimore City, Maryland as having been improperly removed.

## FACTS

This action commenced as a standard in rem foreclosure action[1] in the Circuit Court for Montgomery County, Maryland ("Circuit Court"), docketed as Case No. 417984V involving the real property known as 18 Stapleford Hall Court, Potomac, Maryland 20854 ("Real Property"). The foreclosure action was brought by Plaintiffs, who are named as substitute trustees under the a deed of trust secured against the Real Property and recorded in the Land Records for Montgomery County Maryland at Liber 30198, folio 575 ("Deed of Trust"). The Plaintiffs' initial filing was the Order to Docket Suit and Affidavit Pursuant to MD. CODE ANN., REAL PROP. §7-105.1(d)(1)(ii)(1)-(2) ("Order to Docket Suit") which was docketed on March 28, 2016. The

---

[1] An Order to Docket "is not a pleading. . . . It is not designed to be answered, denied, or traversed, so as to arrive at issues." *Saunders v. Stradley*, 25 Md. App. 85, 95, 333 A.2d 604, 610 (1975).

2012-25557

Order to Docket Suit does not involve a federal question and complete diversity between Plaintiffs and Defendants does not exist.

On March 21, 2019, Jeffrey and Georgia Diamond ("Defendants") filed a Notice of Removal to the United States District Court. The foreclosure sale was held on June 13, 2018 and resulted in the sale of the property to the Noteholder, U.S. Bank National Association, as Trustee for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2007-S6. The Defendant did not file exceptions to the foreclosure sale pursuant to Md. Rule 14-305. On December 14, 2018, the Final Order of Ratification was issued. Om January 11, 2019, the Defendants noted a timely appeal of that Order. Given that a stay of the underlying proceeding is not automatically effective upon the filing of a notice of appeal, the Noteholder proceeded with eviction proceedings and sought possession of the Property by filing a Motion for Possession on March 1, 2019. After being served with copies of the Motion for Possession, the Defendants filed the instant Notice of Removal.

**ARGUMENT**

**I.      No federal question exists, and removal on this basis is therefore improper.**

Under 28 U.S.C. § 1331, the federal courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The present matter is a routine foreclosure action that arises solely under Maryland state law, and neither the initial Order to Docket Suit nor any subsequent filing gives rise to federal jurisdiction.

Simply put, foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction. *See McNeely v. Moab Tiara Cherokee Kituwah Nation Chief*, 2008 WL 4166328 (W.D. N.C. 2008) (nothing in "simple foreclosure action of real property…suggests the presence of a federal question")

Defendants in their Notice of Removal seems to assert that they are attempting to raise issues relating to due process, the Protecting Tenants in Foreclosure Act and other federal laws which are referenced but not actually explained in the Notice. Additionally, the Defendant never asserted any such claims in the state court foreclosure proceeding. In any event, even if Defendants had properly pled these alleged violations as affirmative defenses or counterclaims in the foreclosure action, such purported claims would not have been sufficient to confer subject matter jurisdiction on this Court. A federal question sufficient to allow removal cannot enter a case by way of a defense or counterclaim asserted by a defendant; only the *plaintiff's* claims can serve as the basis for federal question jurisdiction. This Court has noted that

> [f]irst and foremost for removal purposes, it is the complaint as framed by the plaintiff in state court that determines whether a federal question is present… A defendant may not raise a federal question for removal purposes in his defense… Nor can a defendant avoid this restriction by attempting to join a third party and asserting a federal counter-claim as to that party.

*Crawford v. Mokhtari*, 842 F. Supp. 840, 843 (D. Md. 1994); s*ee also, Merrell Dow Pharmaceuticals Inc., v. Thompson,* 478 U.S. 804, 813 (1986) (jurisdiction is not conferred upon the Court based on federal question grounds simply because a defense is asserted which involves federal law); *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (under the well-pleaded complaint rule, "a defendant may not defend his way into federal court because a federal defense does not create a federal question under § 1331"); *King v. Marriott Intern. Inc.*, 337 F.3d 421, 424 (4th Cir. 2003) ("a claim in which the federal question arises only

2012-25557

as a defense to an otherwise purely state law action does not 'arise under' federal law, and hence jurisdiction would not lie under section 1331").

Finally, it is obvious that the issues raised by the Defendants involve a state court foreclosure proceeding and "this Court should refrain from interfering in a state foreclosure proceeding." *Arnold v. Waterfield Mortgage Co.,* 966 F. Supp. 387, 389 (D. Md. 1996). Here, the foreclosure sale has been reviewed by the Circuit Court and the Final Order of Ratification has been entered and any orders relating to the foreclosure action issued by this Court would be considered interfering with a state foreclosure action. Further, the relief sought by the Defendants is completely contrary to the state laws governing foreclosure actions and it would be outside the purview of the District Court to order such relief.

**II.    No diversity of citizenship exists, and removal on this basis is therefore improper.**

Absolutely, no diversity of citizenship exists between the parties and upon information and belief all parties reside in the State of Maryland. The Defendant fails to grasp that the Plaintiffs in this action are the Substitute Trustees, not loan servicer or secured party. The Plaintiffs are the Substitute Trustees appointed under the terms of the Deed of Trust and include Laura H.G. O'Sullivan, Erin M. Shaffer, Diana C. Theologou, Lauren Bush, Kelly Lynn Howard, Christiana Kersey and Para Noh. As a result, complete diversity does not exist between the parties, and removal was improper.

**III.   Defendant had delayed in removing the above captioned action.**

The underlying foreclosure action was filed on May 3, 2016. Defendant did not seek to remove this case until March 21, 2019, almost three years after it was commenced in state court. No good cause exists for this extreme delay and as a result this action should be summarily

remanded to the Circuit Court for Montgomery County pursuant to 28 USC § 1446(b) and (c) of this Court's Standing Order Concerning Removal.

WHEREFORE, Plaintiffs respectfully request that their Motion to Remand be granted. Plaintiffs submit a proposed order for the Court's consideration.

/s/Erin M. Shaffer
Erin M. Shaffer, Esq., Bar No. 29241
312 Marshall Avenue Suite 800
Laurel, Maryland 20707
Telephone: (301) 490-3361
Email: eshaffer@mwc-law.com

## CERTIFICATE OF SERVICE

I hereby certify and affirm under the penalties of perjury that I served a copy of the aforementioned pleading to counsel for the Defendants by first class mail, postage pre-paid on this 18th day of April, 2019:

Thomas Kerns McKnight, Esq.
1901 Wyoming Avenue
Suite 33
Washington D.C. 20009

*Counsel for Defendants*

/s/Erin M. Shaffer
Erin M. Shaffer, Esquire
McCabe, Weisberg & Conway
312 Marshall Avenue, Suite 800
Laurel, MD 20707

2012-25557